HOOD, Judge.
Plaintiff in this suit, Govie Moras, suing individually and as administrator of the estate of his minor son, claims damages for injuries sustained by his young son when the latter was struck by an automobile being driven by Miss Belle Boyer. The suit was instituted against the public liability insurer of Miss Boyer and the liability insurer of her employer. After trial, judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
The accident occurred about 3:15 p. m. on January 15, 1964, at the intersection of Main and Waddil Streets in Marksville, Louisiana. This intersection is controlled by a red and green semaphore traffic light, the streets are hardsurfaced, and the weather was good at the time the accident occurred. Miss Boyer was driving her automobile in a northerly direction on Main Street, and as she approached and started to enter this intersection the front of her car struck plaintiff’s son, a pedestrian, who was crossing Main Street from the southeast corner of the southwest corner of that intersection. Plaintiff’s son lacked about two weeks of being nine years of age when the accident occurred. As a result of the accident, he sustained injuries consisting principally of a fractured leg.
A frame building in the southeast quadrant of this crossing is located almost adjacent to the sidewalks which run along the sides of each of these streets, and when the accident occurred some automobiles were parked along the east side of Main Street, south of and near this intersection. The parked cars and the building obstructed the view of Miss Boyer and prevented her from seeing plaintiff’s son until he reached a point in the street a very few feet from her car.
The evidence establishes that Miss Boyer was proceeding on a green light as she entered the intersection, that the child was struck by the front of her car while she was in her proper northbound lane of traffic, and that she brought her car to a stop within three to six feet after the accident occurred.
There is some conflict in the testimony as to whether Miss Boyer stopped before she proceeded to enter the intersection, and as to whether young Moras was walking or running as he attempted to cross the street. The trial judge concluded that it was immaterial whether the insured had -stopped before entering the crossing, and we agree, since the evidence shows that in any event she was proceeding on a green light at a very slow rate of speed. The trial judge also concluded that the child was running at the time he was struck, that he suddenly darted in front of the insured automobile from behind a building and some parked cars, and that Miss Boyer was free from *324 negligence. In his reasons for judgment, the trial judge said:
“ * * * The Court cannot find where the insured was at fault or negligent here. Miss Boyer had the green light in her favor at the intersection where the accident occurred. The boy darted across this Main Street, on the run, in the immediate front of Miss Boyer’s car which was proceeding very slowly at the time., The boy disregarded the red light; he said he had been told by his teachers that this was the time to cross a street, — when the light facing him was red. Too, he ran from behind a building and from behind cars which were parked at the intersection, very near the corner, from where he emerged to cross Main Street. The boy was undoubtedly and unquestionably negligent; Miss Boyer was free from Negligence. * * * »
******
« * * * 'pjjg -building near the corner and the parked automobiles on the east side of Main Street and the South side of Waddil, blocked her vision of the boy as he suddenly darted out from behind same, on the run, and against the light signal.”
Miss Boyer was aware of the fact that a public school is located a short distance west of this intersection, and a church is located east of it, and that children walk from the school to the church for religious instruction during the afternoon of each school day. Plaintiff argues that Miss Boyer was negligent in not anticipating the fact that children would be crossing Main Street at about that time and in failing to exercise a higher degree of care in approaching this intersection. We find no merit to that argument. Miss Boyer and a passenger in the car with her stated that they saw no children at the intersection before young Moras darted in front of the automobile. Another motorist approaching the intersection from the north was exercising extreme caution because she anticipated that children would be there, and yet she almost struck the same child with her car. She had a better view of the child than did Miss Boyer, but she stated that she may have struck him if his progress across the street had not been stopped or retarded by the Boyer car. The evidence convinces us that Miss Boyer exercised the high degree of care which was required of her under the circumstances.
We think the evidence supports the findings of the trial court, and we conclude, as he did, that Miss Boyer was free from negligence.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant
Affirmed.